UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRYL RAY EASTER,<br>Plaintiff,<br>v.<br>CRISANTO, et al.,<br>Defendants. | Case No. 1:26-cv-08055-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM AND WITHOUT GRANTING FURTHER LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE AND REVISE DOCKET |

Plaintiff Derryl Ray Easter is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 7). In his complaint filed on October 1, 2026, Plaintiff alleges that Defendants E. Crisanto and D. Garrison[1], supervising correctional officers, retaliated against him and denied him due process when they re-assigned him from his job as a work change porter to a computer class in violation of the First and Fourteenth Amendments. (ECF No. 1).

The Court screened the complaint on October 27, 2026, and concluded that Plaintiff

[1] Plaintiff filed a Notice of Correction of Defendant's Name on October 26, 2026 indicating that Defendant Christano should be "E. Crisanto" and Defendant Garrison is "D. Garrison." (ECF No. 9). The Court will use these updated spellings and identification and will direct the Clerk to revise the docket accordingly.

failed to state any cognizable claims. (ECF No. 8). However, the Court granted Plaintiff leave to file an amended complaint to cure the deficiencies identified in the screening order. (*Id.* at 6-7). Alternatively, the Court gave Plaintiff the option of standing on his complaint, subject to the Court issuing findings and recommendations to a district judge consistent with the screening order. (*Id.* at 7).

On November 17, 2026, Plaintiff filed a notice, stating that he wished to stand on his complaint. (ECF No. 12). Accordingly, for the reasons set forth below, the Court recommends that this case be dismissed for failure to state a claim and without granting further leave to amend.

Plaintiff has fourteen days from the date of service of these findings and recommendations to file any objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT[2]

Plaintiff alleges the underlying events occurred on September 10, 2026 at Kern Valley State Prison ("KVSP") in Delano, California. (ECF No. 1). Plaintiff names two supervising correctional officers as defendants, including Crisanto and Garrison. (*Id.* at 2-3). Plaintiff asserts a claim for retaliation in violation of the First Amendment and violation of his due process rights under the Fourteenth Amendment. (*Id.* at 3-11).

From June 26, 2026 through September 10, 2026, Plaintiff was assigned as a work

---

[2] For readability, minor alterations, like changing capitalization, have been made throughout to some of Plaintiff's quotations without indicating each change.

change porter by the Inmates Assignments Office. (*Id.* at 3). Plaintiff's schedule included working four hours per day, Monday through Friday, and involved various cleaning responsibilities in program areas. (*Id.* at 3, 6-7). Although Plaintiff was approved for this schedule, Plaintiff was only allowed to work when officers called his housing unit, and Defendants Crisanto and Garrison "rarely" called him to work. (*Id.* at 4, 7).

Plaintiff further alleges:

> I don't know the reason I was rarely allowed to fulfill my actual regular days of Monday thru Friday. This is something I felt I was entitled to as being assigned any prison work assignment without me having to be called in only when correctional officers utilize me to clean up filthy, disgusting, and unsanitized areas at work change. Now I figure this was done on purpose in which these same officers already had intentions on using reprisal against me to get rid of me as I never displayed no disrespectful behavior or any regulations against good work ethics.

(*Id.* at 7).

On July 5, 2026, Plaintiff filed a grievance about his irregular work schedule. (*Id.* at 3). On September 10, 2026, Plaintiff went to work for the first time that week and asked both Defendants Crisanto and Garrison why he was not allowed to work a consistent work schedule. (*Id.* at 3-4). Defendants became "agitated" and told Plaintiff "hostilely to take it back to [his] cell." (*Id.* at 4). They threatened Plaintiff with being unassigned from his job. (*Id.*).

The same day, he was "deliberately given a false documenting CDCR 128C counseling chrono…to get [him] unassigned from [his] work assignment." (*Id.* at 4, 6). This counseling chrono was used to "make it seem as if [he] had some behavior issue with [his] initial work assignment." (*Id.* at 6). Plaintiff does not identify or allege facts regarding who gave him the counseling chrono.

Plaintiff was never called back to work. (*Id.* at 10). Instead, on September 22, 2026, Plaintiff was re-assigned to a vocational academic computer technology class located in the same area he was previously cleaning up as a work change porter. (*Id.* at 5). The class was scheduled from Monday through Friday for two hours each morning, during the same time he was approved to work. (*Id.* at 6).

Plaintiff seeks $12,600 per defendant in compensatory, "nominal," and punitive

damages. (*Id.* at 14).

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743-44. This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual

connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**B. Retaliation in Violation of the First Amendment**

Plaintiff alleges that, because he filed a grievance on July 5, 2026 about Defendants "rarely" calling him to work, Defendants retaliated against him on September 10, 2026 by sending him back to his cell and re-assigning him to a computer course during his normal work schedule.

There are five basic elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

"Evidence of [] motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual." *Barth v. Montejo*, No. 2:19-CV-1874 DB P, 2020 WL 73407, at *2 (E.D. Cal. Jan. 7, 2020). However, "[]even if plaintiff has established temporal proximity, retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two." *Smith v. Cruzen*, No. 14-CV-04791 LHK (PR), 2017 WL 4865565, at *12 (N.D. Cal. Oct. 26, 2017), aff'd, 735 F. App'x 434 (9th Cir. 2018) (citing *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").).

Here, Plaintiff's allegations that he filed a grievance on July 5, 2026 and more than two months later, he was reassigned to a computer class are not sufficient to show, even if true, that Defendants reassigned him and that they reassigned him out of retaliation for exercising his First Amendment rights. Likewise, Plaintiff does not allege who gave him the counseling

chrono and does not allege that either Defendant said anything indicating that the counseling chrono or the reassignment were filed due to Plaintiff engaging in First Amendment conduct. In fact, Plaintiff specifically states that he only "figured" or guessed that Defendants intended to retaliate against him because he "had been aware myself that a lot of other correctional officers know that I write a lot of prison grievances on adverse conditions at this facility" and "so of course there wouldn't be reason I would doubt that supervising officers of my initial assignment would just find a cause to unassign me." (*Id.* at 11).

Plaintiff thus fails to allege facts showing a nexus between the job reassignment or counseling chrono and any exercise of his First Amendment rights. Accordingly, Plaintiff fails to state a cognizable claim that may proceed past screening.

**C. Due Process**

Plaintiff also fails to state a cognizable claim for violation of his due process rights under the Fourteenth Amendment.

"[T]he Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment[.]'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir.1986) (per curiam); and citing *Baumann v. Ariz. Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir.1985)); *see also Rainer v. Chapman*, 513 Fed.Appx. 674, 675 (9th Cir. 2013) (holding that the district court properly dismissed the California prisoner-plaintiff's "due process claims based on his removal from his work assignment and transfer from the facility where his job was located because these allegations did not give rise to a constitutionally protected liberty or property interest"); *Barno v. Ryan*, 399 Fed.Appx. 272, 273 (9th Cir. 2010) (holding that possible loss of a state prison job due to a California state prisoner's classification as a sex offender did not violate the prisoner's Fourteenth Amendment or Eighth Amendment rights).

Accordingly, Plaintiff did not have a property or liberty interest in his work assignment and cannot state a cognizable due process claim in violation of the Fourteenth Amendment.

\\\

\\\

## IV. ORDER, CONCLUSION, AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and concludes that he fails to state any cognizable claims.

The Court previously provided Plaintiff with the applicable legal standards, explained why Plaintiff's complaint failed to state any claims, and gave Plaintiff leave to file an amended complaint. However, Plaintiff chose to stand on his complaint. Thus, the Court finds that granting further leave to amend would be futile.

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case and to revise the docket to reflect Defendants names as "E. Crisanto" and "D. Garrison."

Further, for the reasons given above, IT IS RECOMMENDED as follows:

1. This action be dismissed for failure to state a claim and without granting further leave to amend.
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 19, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE